IN THE UNITED STATES DISTRICT COURT
OR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTHONY ADAMS,<br>on behalf of himself and all other<br>persons similarly situated,<br>known and unknown<br><br>*Plaintiff,*<br><br>v.<br><br>HC AURORA, LLC,<br><br>*Defendant*. | No. _____ |

## NOTICE OF REMOVAL

Defendant, HC Aurora, LLC ("HC Aurora"), through its undersigned attorneys, hereby removes to the United States District Court for the Northern District of Illinois, Eastern Division, the action captioned *Anthony Adams v. HC Aurora, LLC,* currently pending in the Circuit Court for the Sixteenth Judicial Circuit in Kane County, Illinois, Civil Division, Case No. 19 L 000505. In support of removal, HC Aurora states as follows:

1. On October 15, 2019, Plaintiff Anthony Adams ("Plaintiff") filed this action on behalf of himself and all other similarly situated individuals in the Circuit Court of Kane County, Illinois. Plaintiff asserts a class action claim for alleged violations of the Illinois Biometric Information Privacy Act ("740 ILCS 14/1 *et seq.*") ("BIPA"). A true and accurate copy of the complaint filed in the state court action, along with all other process, pleadings, and orders with which HC Aurora has been served are attached hereto as Exhibit A.

2. HC Aurora currently is the only defendant in the state court litigation, and was served on October 25, 2019. Removal is timely because this notice is filed within 30 days of service of the Complaint and Summons. *See* 28 U.S.C. § 1446(b)(1).

## REMOVAL IS PROPER

3. Removal to this Court is proper because the United States District Court for the Northern District of Illinois, Eastern Division is the District Court of the United States for the district and division embracing the state court action filed by Plaintiff in Kane County, Illinois. *See* 28 U.S.C. § 93(a)(1).

4. This putative class action is subject to this Court's jurisdiction: (1) under 28 U.S.C. 1332(a), because complete diversity exists and the amount in controversy for the name plaintiff's claims exceeds $75,000; and (2) under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d) ("CAFA"), because minimal diversity exists and the amount in controversy exceeds $5,000,000.

**I.  Removal is Proper Under Section 1332 Diversity Jurisdiction**

5. This Court has complete diversity jurisdiction under 28 U.S.C. § 1332(a), which provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between- (1) citizens of different States. . . ."

6. Complete diversity exists between Plaintiff and HC Aurora. Plaintiff is a citizen of Illinois. (Compl. ¶ 17.) HC Aurora is an Illinois limited liability company. For purposes of diversity jurisdiction, a limited liability company is a citizen of any state of which a member of the company is a citizen. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990). HC Aurora's sole member is Hollywood Casinos, LLC. Hollywood Casinos' sole member is CRC Holdings, Inc. For purposes of diversity jurisdiction, a corporation is "a citizen of any State by which it has

2

been incorporated and of the state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). CRC Holdings is a Florida corporation with its principal place of business in Pennsylvania.

7. Based on the Complaint's allegations, the amount in controversy exceeds $75,000. When analyzing the amount in controversy in a class action under 28 U.S.C. § 1332(a), at least one named plaintiff must satisfy the jurisdictional amount. *See, e.g., Richardson v. DSW, Inc.*, No. 05 C 4599, 2005 WL 2978755, at *1 (N.D. Ill. Nov. 3, 2005).

8. To be clear, HC Aurora denies Plaintiff's claims of wrongdoing and maintains that neither Plaintiff nor any of the proposed class members has a viable claim or is entitled to any damages in this case. However, for purposes of diversity jurisdiction regarding a BIPA lawsuit, the recent decision in *Peatry v. Bimbo Bakeries USA, Inc.,* 393 F. Supp. 3d 766 (N.D. Ill. Aug. 7, 2019) illustrates that the defendant is entitled to accept the complaint's allegations solely for the purpose of assessing the alleged amount in controversy. Diversity jurisdiction exists where the "complaint and BIPA together can plausibly be read to suggest that a violation of at least some of the BIPA provisions at issue allegedly occurred every time [plaintiff] and the putative class members" were the subject of biometric technology. *See id.* at 769.

9. In the complaint, Plaintiff alleges that he has been to HC Aurora's casino "approximately ten to twenty times" during the class period, and that HC Aurora's facial recognition technology has scanned his facial geometry on each of these visits. Compl. ¶¶ 24, 27. Plaintiff seeks damages for "each violation of [BIPA] as provided by 740 ILCS 14/20(1)-(2)." Compl. ¶¶ 50(a), 57(a). Given that Plaintiff is claiming he was submitted to HC Aurora's technology up to "twenty times," and given that Plaintiff claims that HC Aurora *recklessly*

violated BIPA each time HC Aurora's facial recognition technology allegedly scanned his facial geometry on each visit to HC Aurora's casino, the amount in controversy is potentially $100,000, which is in excess of the diversity threshold (*i.e.,* 20 visits X $5,000 in recklessness-related statutory damages under BIPA). *See* 740 ILCS 14/20(1)-(2). Thus, removal is proper under 28 U.S.C. § 1332(a).

## II.     Removal is Proper Under CAFA

10.     Alternatively, this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d). CAFA grants district courts original jurisdiction over civil actions filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant (referred to as minimal diversity), the putative class has more than 100 members, and the amount in controversy for the putative class members exceeds $5,000,000, exclusive of interest and costs. CAFA authorizes removal of such actions under 28 U.S.C. § 1446. The putative class action described in the Complaint satisfies the requirements of CAFA.

11.     Minimal diversity is met for the reasons stated above. Plaintiff is a Citizen of Illinois, and HC Aurora (tracking down through its LLC members) is a Citizen of Florida and Pennsylvania. Upon information and belief, there are non-named absent members of the proposed class that are not citizens of Florida and Pennsylvania.

12.     As to CAFA's numerical requirement, Plaintiff's complaint purports to bring this case on behalf of the following proposed class:

> All individuals who are members of Defendant's rewards program and who had their facial geometry scans collected or possessed by Defendant in Illinois between October 15, 2014 and the present.

Compl. ¶ 30. Plaintiff alleges that the proposed class "includes hundreds and likely thousands of members." Compl. ¶ 32. Thus, CAFA's class member numerical requirement is met.

13. Finally, the CAFA amount in controversy is met. A notice of removal "need include only a plausible allegation" that CAFA's $5 million amount in controversy threshold is satisfied. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). It "need not contain evidentiary submissions." *Id.* at 84. HC Aurora denies Plaintiff's claims of wrongdoing and maintains that neither Plaintiff nor any of the proposed class members has a viable claim or is entitled to any damages in this case. However, Plaintiff's allegations (discussed above) allows this Court to infer that many class members visited HC Aurora more than one time. This inference, coupled by Plaintiff's allegations that the class "includes hundreds and likely thousands of members," and that HC Aurora engaged in reckless conduct under BIPA (thereby allowing for potentially $5,000 per violation), allows this Court to determine that the CAFA amount in controversy is met. Accordingly, accepting Plaintiff's allegations as true solely for purposes of determining removal under Section 1332, Plaintiff's complaint seeks more than $5 million in compensatory damages in the aggregate.[1]

14. Finally, Plaintiff also requests injunctive relief. Compl. ¶¶ 50(b), 57(b). This request further increases the amount in controversy, which provides a further basis for removal. *See Keeling v. Esurance Ins. Co.*, 660 F.3d 273, 274 (7th Cir. 2011).

15. Promptly after filing this Notice of Removal, HC Aurora will give written notice of the removal to all parties and will file a notice in the Kane County Circuit Court.

---

[1] HC Aurora denies Plaintiff's claims of wrongdoing, denies that class certification is proper, and denies that Plaintiff or any of the class members are entitled to any damages. HC Aurora disputes Plaintiff's interpretation of the remedies under BIPA, including Plaintiff's position that it is entitled to a separate statutory damages amount for each time that Plaintiff visited HC Aurora. The above simply assumes *for CAFA removal purposes only* that if Plaintiff is able to establish a class and prove the allegations in the complaint, the total amount of monetary relief sought by Plaintiff and the proposed class would exceed $5 million, exclusive of interests and costs.

WHEREFORE, HC Aurora respectfully requests that the action pending against it in the Circuit Court for the Sixteenth Judicial Circuit in Kane County, Illinois, Civil Division, be removed to this Court.

Dated: November 14, 2019

Respectfully submitted,

HC AURORA, LLC

/s/ Daniel R. Saeedi
Daniel R. Saeedi (#6296493)
dsaeedi@taftlaw.com
Allison E. Czerniak (#6319273)
aczerniak@taftlaw.com
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2800
Chicago, IL 60601
Telephone: 312-527-4000
Facsimile: 312-966-8584


## **CERTIFICATE OF SERVICE**

I hereby certify that on November 14, 2019, the foregoing was served by electronic mail upon the following:

> Douglas M. Werman (dwerman@flsalaw.com)
> Maureen A. Salas (msalas@flsalaw.com)
> Zachary C. Flowerree (zflowerree@flsalaw.com)
> Sarah J. Arendt (sarendt@flsalaw.com)
> WERMAN SALAS P.C.
> 77 West Washington, Suite 1402
> Chicago, Illinois 60602
> (312) 419-1008
>
> Joseph A. Fitapelli (jfitapelli@fslawfirm.com)
> Dana Cimera (dcimera@fslawfirm.com)
> FITAPELLI & SCHAFFER, LLP
> 28 Liberty Street, 30th Floor
> New York, New York 10005
>
> *Attorneys for Plaintiff*

                                       */s/ Daniel R. Saeedi*
                                       Daniel R. Saeedi (#6296493)
                                       dsaeedi@taftlaw.com
                                       Allison E. Czerniak (#6319273)
                                       aczerniak@taftlaw.com
                                       TAFT STETTINIUS & HOLLISTER LLP
                                       111 East Wacker Drive, Suite 2800
                                       Chicago, IL 60601
                                       Telephone: 312-527-4000
                                       Facsimile: 312-966-8584

26177494