# EXHIBIT A

Kane County Circuit Court    THOMAS M. HARTWELL    ACCEPTED: 10/17/2019 2:15 PM    By: SP    Env #6961468

## IN THE CIRCUIT COURT FOR THE SIXTEENTH JUDICIAL CIRCUIT
## KANE COUNTY, ILLINOIS
### CIVIL DIVISION

| | | |
|---|---|---|
| ANTHONY ADAMS, on behalf of himself and all other persons similarly situated, known and unknown, | ) ) ) ) | **19-L-000505** |
| | ) | Case No. |
| Plaintiff, | ) ) | Judge |
| v. | ) ) | |
| HC AURORA, LLC, | ) ) | |
| Defendant. | ) ) | |

Thomas M. Hartwell
Clerk of the Circuit Court
Kane County, Illinois

**10/15/2019 1:14 PM**

**FILED/IMAGED**

### CLASS ACTION COMPLAINT

Anthony Adams ("Plaintiff") files this Class Action Complaint ("Complaint") against HC Aurora, LLC ("Defendant") for violations of the Illinois Biometric Information Privacy Act.

### SUMMARY OF CLAIMS

1.      Penn National Gaming, Inc. is one of the leading casino and gaming companies in the United States.

2.      Defendant is an operating subsidiary or affiliate of Penn National Gaming, Inc.

3.      Defendant operates Hollywood Casino in Aurora, Illinois ("Hollywood Aurora").

4.      Hollywood Aurora had gross receipts of $116,716,842 and admitted 938,382 patrons in 2018, with an average daily admission of 2,571 patrons, according to the 2018 Annual Report by the Illinois Gaming Board.

5.      Defendant uses facial recognition technology with its video security cameras at its Hollywood Aurora casino.

**NOTICE**
**BY ORDER OF THE COURT THIS CASE IS HEREBY SET FOR CASE MANAGEMENT CONFERENCE ON THE DATE BELOW. FAILURE TO APPEAR MAY RESULT IN THE CASE BEING DISMISSED OR AN ORDER OF DEFAULT BEING ENTERED.**
**Judge: Murphy, James R**
**1/2/2020 9:00 AM**

1

6.  Defendant's facial recognition technology identifies a person by scanning the geometry of a person's facial features and comparing that scan against databases of stored facial geometry templates.

7.  Plaintiff is a member of Defendant's rewards program who gambled at Defendant's Hollywood Aurora casino during the limitations period.

8.  Defendant's facial recognition technology scanned Plaintiff's and other rewards program members' facial geometry and stored templates of their facial geometry in Defendant's databases.

9.  Each time Plaintiff and other rewards program members gambled at Defendant's casino Defendant's facial recognition technology scanned the geometry of their faces to identify them against stored facial geometry templates in Defendant's databases.

10.  Facial geometry is a *unique* and *permanent* identifier.

11.  In enacting the Biometric Information Privacy Act, the Illinois legislature recognized that biologically unique identifiers, like facial geometry, and information based on those identifiers, cannot be changed when compromised, and thus subject a victim of identity theft to heightened risk of loss.

12.  As a result, Illinois restricted private entities, like Defendant, from collecting, storing, using, or transferring a person's biometric identifiers and information without adhering to strict informed-consent procedures and data retention/destruction policies.

13.  Defendant collected, stored, and used the unique biometric facial geometry identifiers, or identifying information derived from facial geometry, of Plaintiff and others similarly situated without following the detailed requirements of the Biometric Information Privacy Act.

2

14.     As a result, Plaintiff and others similarly situated lost the right to control their biometric identifiers and information.

**JURISDICTION AND VENUE**

15.     This Court has personal jurisdiction over Defendant because, during the relevant time period, Defendant did business in Illinois, was registered to do business in Illinois, and committed the statutory violations alleged in this Complaint in Illinois.

16.     Kane County is an appropriate venue for this litigation because Defendant has offices in Kane County, does business there, and committed the statutory violations alleged in this Complaint in Kane County.

**THE PARTIES**

17.     Plaintiff is an individual who is a citizen of Illinois.

18.     Defendant is an Illinois limited liability company.

19.     Defendant is owned by Penn National Gaming, Inc.

**REQUIREMENTS OF THE BIOMETRIC INFORMATION PRIVACY ACT**

20.     In enacting the Biometric Information Privacy Act, the Illinois legislature recognized that the full ramifications of biometric technology are not yet fully known and so the public will benefit from "regulations on the collection, use, safeguarding, handling, storage retention, and description of biometric identifiers and information." 740 ILCS 14/5(f)-(g).

21.     The Biometric Information Privacy Act prohibits a "private entity" from capturing or collecting biometric identifiers or information from an individual unless that private entity first obtains the individual's written release authorizing the private entity to capture or collect an individual's biometric identifiers and/or biometric information. 740 ILCS 14/15(b)(3).

22.     Relatedly, the Biometric Information Privacy Act prohibits a private entity from capturing or collecting biometric identifiers or information from an individual unless that private entity first informs the individual, in writing, of the following: (a) that the private entity is collecting biometric identifiers or information, (b) the purpose of such collection, and (c) the length of time the private entity will retain the biometric identifiers or information. 740 ILCS 14/15(b)(1)-(2).

23.     In addition, the Biometric Information Privacy Act prohibits a private entity from possessing biometric identifiers or information unless it creates and follows a written policy, made available to the public, establishing a retention schedule and destruction guidelines for its possession of biometric identifiers and information. 740 ILCS 14/15(a).[1]

**BACKGROUND FACTS**

24.     Plaintiff gambled at Defendant's Hollywood Aurora casino approximately ten to twenty times since 2014, including three times within the last year and most recently within the last two months.

25.     Plaintiff has been a member of Defendant's rewards program since approximately 2014.

26.     Defendant's facial recognition technology scanned Plaintiff's facial geometry from security camera footage and stored a facial geometry template for Plaintiff.

27.     Each time Plaintiff gambled at Defendant's Hollywood Aurora casino, Defendant's facial recognition technology scanned Plaintiff's facial geometry and compared those scans against stored facial geometry templates in Defendant's databases.

---

[1]     The Biometric Information Privacy Act has other requirements not yet relevant to this lawsuit.

4

28.     Defendant failed to inform Plaintiff and other rewards program members in writing that it was collecting their biometric identifiers or information, the purpose and length of term for such collection, and failed to obtain their written consent *before* Defendant collected their facial geometry scans.

29.     Defendant never established and followed a publicly available written policy establishing a retention schedule and guidelines for permanently destroying scans of Plaintiff's and other rewards program members' facial geometry.

**CLASS ACTION ALLEGATIONS**

30.     Plaintiff seeks to represent the following class:

> All individuals who are members of Defendant's rewards program and who had their facial geometry scans collected or possessed by Defendant in Illinois between October 15, 2014 and the present ("the Class").

31.     Plaintiff and the Class are similar to one another because they were all subject to the same allegedly illegal practice: Defendant's collection and possession of their facial geometry scans despite Defendant failing to adhere to the requirements of the Biometric Information Privacy Act.

32.     The Class includes hundreds and likely thousands of members.

33.     As a result, the Class is so numerous that joining of all class members in one lawsuit is not practical.

34.     The issues involved in this lawsuit present common questions of law and fact, including: whether Defendant used facial recognition technology at its Illinois casino; whether Defendant collected and/or possessed the Class's "biometric identifiers" or "biometric information" through the use of facial recognition technology at its Illinois casino; and whether Defendant complied with the procedures in 740 ILCS 14/15(a) and (b) of the Biometric

5

Information Privacy Act.

35.     These common questions of law and fact predominate over variations that may exist between members of the Class, if any.

36.     Plaintiff, the members of the Class, and Defendant have a commonality of interest in the subject matter of the lawsuit and the remedies sought.

37.     If individual actions were required to be brought by each member of the Class injured or affected, the result would be a multiplicity of actions, creating a hardship to the Class, to the Court, and to Defendant.

38.     Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Class is entitled.

39.     Defendant's books and records are material to Plaintiff's case as they disclose when Defendant scanned the facial geometry of Plaintiff and the Class and what information Defendant provided Plaintiff and the Class about the collection, retention, and use of their biometric identifiers and information.

40.     Plaintiff and his counsel will fairly and adequately protect the interests of the Class.

41.     Plaintiff retained counsel experienced in complex class action litigation.

### COUNT I
### Violation of the Biometric Information Privacy Act (740 ILCS 14/15(b))
### (Class Action)

42.     Plaintiff realleges and incorporates the previous allegations of this Complaint.

43.     Defendant is a "private entity" under the Biometric Information Privacy Act. 740 ILCS 14/10.

44.     Plaintiff's and the Class's facial geometry scans qualify as "biometric identifier[s]" as defined by the Biometric Information Privacy Act. 740 ILCS 14/10.

6

45.     Defendant has "biometric information" from Plaintiff and the Class through its acquisition and retention of identifying information based on Plaintiff's and the Class's facial geometry scans.

46.     Defendant violated the Biometric Information Privacy Act by capturing or collecting Plaintiff's and the Class's facial geometry scans and identifying information based on those scans without *first* informing them in writing that Defendant was doing so.

47.     Defendant violated the Biometric Information Privacy Act by capturing or collecting Plaintiff's and the Class's facial geometry scans and identifying information based on those scans without *first* informing them in writing of the purpose of Defendant doing so and the length of time Defendant would store and use Plaintiff's and the Class's biometric identifiers and/or biometric information.

48.     Defendant violated the Biometric Information Privacy Act by capturing or collecting Plaintiff's and the Class's facial geometry scans and identifying information based on those scans without *first* obtaining their informed written consent authorizing Defendant to capture or collect Plaintiff's and the Class's biometric identifiers and/or biometric information.

49.     Unlike other companies in Illinois, Defendant failed to take notice and follow the requirements of the Biometric Information Privacy Act, even though the law was enacted in 2008 and numerous articles and court filings were published about the law's requirements before Defendant committed the violations alleged in this Complaint.

50.     As a result, Defendant's violations of the Biometric Information Privacy Act were reckless or, in the alternative, negligent.

WHEREFORE, Plaintiff and the Class pray for a judgment against Defendant as follows:

A.      Awarding liquidated or actual monetary damages, whichever is higher, to Plaintiff and the Class for each violation of the Biometric Information Privacy Act as

7

provided by 740 ILCS 14/20(1)-(2);

B.    Enjoining Defendant from committing further violations of the Biometric Information Privacy Act as authorized by 740 ILCS 14/20(4);

C.    Awarding Plaintiff's reasonable attorneys' fees and costs incurred in filing and prosecuting this action as provided by 740 ILCS 14/20(3); and

D.    Awarding such other and further relief as this Court deems appropriate and just as provided by 740 ILCS 14/20(4).

## COUNT II
### Violation of the Biometric Information Privacy Act (740 ILCS 14/15(a))
### (Class Action)

51.    Plaintiff realleges and incorporates the previous allegations of this Complaint.

52.    Defendant is a "private entity" under the Biometric Information Privacy Act. 740 ILCS 14/10.

53.    Plaintiff's and the Class's facial geometry scans qualify as "biometric identifier[s]" as defined by the Biometric Information Privacy Act. 740 ILCS 14/10.

54.    Defendant has "biometric information" from Plaintiff and the Class through its acquisition and retention of identifying information based on Plaintiff's and the Class's facial geometry scans.

55.    Defendant violated the Biometric Information Privacy Act by possessing Plaintiff's and the Class's facial geometry scans and identifying information based on those scans without creating and following a written policy, made available to the public, establishing and following a retention schedule and destruction guidelines for their possession of biometric identifiers and information.

56.    Unlike other companies in Illinois, Defendant failed to take notice and follow the requirements of the Biometric Information Privacy Act, even though the law was enacted in 2008 and numerous articles and court filings were published about the law's requirements before

8

Defendant committed the violations alleged in this Complaint.

57.    As a result, Defendant's violations of the Biometric Information Privacy Act were

reckless or, in the alternative, negligent.

WHEREFORE, Plaintiff and the Class pray for a judgment against Defendant as follows:

A.    Awarding liquidated or monetary damages, whichever is higher, to Plaintiff and the Class for each violation of the Biometric Information Privacy Act as provided by 740 ILCS 14/20(1)-(2);

B.    Enjoining Defendant from committing further violations of the Biometric Information Privacy Act as authorized by 740 ILCS 14/20(4);

C.    Awarding Plaintiff's reasonable attorneys' fees and costs incurred in filing and prosecuting this action as provided by 740 ILCS 14/20(3); and

D.    Awarding such other and further relief as this Court deems appropriate and just as provided by 740 ILCS 14/20(4).


Dated:  October 15, 2019                    Respectfully submitted,

                                            /s/Douglas. M. Werman
                                            One of Plaintiff's Attorneys


Douglas M. Werman (dwerman@flsalaw.com)
Maureen A. Salas (msalas@flsalaw.com)
Zachary C. Flowerree (zflowerree@flsalaw.com)
Sarah J. Arendt (sarendt@flsalaw.com)
**WERMAN SALAS P.C.**
77 West Washington, Suite 1402
Chicago, Illinois 60602
(312) 419-1008

Joseph A. Fitapelli (jfitapelli@fslawfirm.com)
Dana Cimera (dcimera@fslawfirm.com)
**FITAPELLI & SCHAFFER, LLP**
28 Liberty Street, 30th Floor
New York, NY 10005
(212) 300-0375

*Attorneys for Plaintiff*

Kane County Circuit Court    THOMAS M. HARTWELL    ACCEPTED: 10/17/2019 2:15 PM    By: SP    Env #6961468

# IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
## KANE COUNTY, ILLINOIS    19-L-000505

Case No. _____

| | | |
|---|---|---|
| **ANTHONY ADAMS**, on behalf of himself and all other persons similarly situated, known and unknown | **HC AURORA, LLC** | *Thomas M. Hartwell*<br>Clerk of the Circuit Court<br>Kane County, Illinois<br>**10/15/2019 1:14 PM**<br>FILED/IMAGED |
| Plaintiff/Petitioner | Defendant/Respondent | File Stamp |

## APPEARANCE

**APPEARANCE TYPE**

[x] Full
[ ] Limited
[ ] Special
[ ] Court Appointed
[ ] Other _____

Party for whom appearance is being entered:

Name: Anthony Adams c/o Werman Salas P.C.

Address: 77 W. Washington Street, Suite 1402

City, State, Zip: Chicago, IL 60602

[ ] THIS IS A NEW ADDRESS

Additional party for whom appearance is being entered:

Name: _____

Address: _____

City, State, Zip: _____

Attorney:

Name: Douglas M. Werman

Address: 77 W. Washington Street, Suite 1402

City, State, Zip: Chicago, IL 60602

Phone: (312) 419-1008

E-mail: dwerman@flsalaw.com

As Attorney for the within named party or parties, I hereby enter my Appearance and the Appearance of the within named.

_Doug Werman_
Attorney As Aforesaid

Date **10/15/19**

Firm Name
Werman Salas P.C.

Attorney Registration Number
6204740

**NOTICE TO ATTORNEY**
You must enter your individual Attorney Registration number above.

P2-MISC-006 (06/17)

# IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
## KANE COUNTY, ILLINOIS  19-L-000505

Case No. _____

| | | |
|---|---|---|
| **ANTHONY ADAMS, on behalf of himself and all other persons similarly situated, known and unknown**<br>Plaintiff(s) | **HC AURORA, LLC**<br><br>Defendant(s) | *Thomas M. Hartwth*<br>**Clerk of the Circuit Court**<br>**Kane County, Illinois**<br><br>10/16/2019<br><br>**FILED/IMAGED** |

SERVE:

Name: HC AURORA, LLC c/o Reg. Agent: The Corporation Co.

Address: 600 S. 2nd Street, Suite 103

City, State & Zip: Springfield, IL 62704

File Stamp

Amount Claimed $50,000.00 + (to be determined) _____

| | |
|---|---|
| Pltf. Atty Douglas M. Werman | Add. Pltf. Atty _____ |
| Atty. Registration No. 6204740 | Atty. Registration No. _____ |
| Address 77 W. Washington Street, Suite 1402 | Address _____ |
| City, State and Zip Chicago, IL 60602 | City, State and Zip _____ |
| Attorney E-mail: dwerman@flsalaw.com | Attorney E-mail: _____ |

## SUMMONS

To the above named defendant(s):

☐ A.   You are hereby summoned and required to appear before this court in room _____ of the _____ at _____ m. on _____ to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

☒ B.   You are hereby summoned and required to file an answer in this case or otherwise file your appearance, in the Office of the Clerk of this Court, within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, judgment or decree by default may be taken against you for the relief prayed in the complaint.

☐ C.   You are further Notified that a dissolution action stay is in full force and effect upon service of this summons. The Conditions of stay are set forth on page two (2) of this summons, and are applicable to the parties as set forth in the statute.

   D.   E-filing is now mandatory for documents in civil cases with limited exemptions. To efile, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp or talk with your local circuit clerk's office.

TO THE SHERIFF OR OTHER PROCESS SERVER:

   This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. In the event that paragraph A of this summons is applicable, this summons may not be served less than three days before the day for appearance. If service cannot be made, this summons shall be returned so endorsed.

   This summons may not be served later than 30 days after its date if paragraph B is applicable.

DATE OF SERVICE _____                    10/16/2019
(To be inserted by process server on copy left with the defendant or other person)

WITNESS, *Thomas M. Hartwth*

Clerk of Court

Form 166-A (08/18)    Page 1 of 2

Case No. _____

## SUMMONS (CONT.)

I certify that I served this summons on defendants as follows:

(a) - (Individual defendants - personal)

By leaving a copy and a copy of the complaint with each individual defendant personally, as follows:

| Name of Defendant | Place of Service | Date of service |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

(b) - (Individual defendants - abode):

By leaving a copy and a copy of the complaint at the usual place of abode of each individual defendant with a person of his/her family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his/her usual place of abode, as follows:

| Name of Defendant | Person with whom left | Date of service | Date of mailing |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

(c) - (Corporation defendants):

By leaving a copy and a copy of the complaint with the registered agent officer, or agent of each defendant corporation, as follows:

| Defendant corporation | Registered agent officer or agent | Date of service |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

(d) - (Other service):

_____
Signature

SERVICE FEES

Service and return _____ $ _____

Miles _____ ·························· _____

Total ······················································· $ _____

☐ Sheriff of _____ County

☐ Special Process Server

Sheriff of _____ County

☐ By _____ , Deputy

☐ Special Process Server
(See Order of Appointment in file)

Form 166-A (08/18)    Page 2 of 2

**NOTICE TO DEFENDANTS - Pursuant to Supreme Court Rule**

In a civil action for money (excess of $15,000) in which the summons requires your appearance on a specified day, you may enter your appearance as follows:

1. You may enter your appearance prior to the time specified in the summons by filing a written appearance, answer or motion in person or by attorney to the Office of the Kane County Circuit Clerk, 540 S. Randall Rd., St. Charles, IL 60174.

2. You may enter your appearance at the time and place specified in the summons by making your presence known to the Judge when your case is called.

In either event YOU MUST APPEAR IN PERSON OR BY ATTORNEY at the time and place specified in the summons or a default Judgment will be entered against you.

When you appear in Court, the Judge will require you to enter your appearance in writing, if you have not already done so. Your written appearance, answer, or motion shall state with particularity the address where service of notice or papers may be made upon you or an attorney representing you.

Your case will be heard on the date set forth in the summons unless otherwise ordered by the Court. Only the Court can make this exception. Do not call upon the Circuit Court Clerk or the Sheriff's Office if you feel you will be unable to be present at the time and place specified. Continuances can be granted only on the day set forth in the summons, and then only for good cause shown. You, or someone representing you, MUST APPEAR IN PERSON at the specified time and place and make such a request.

If you owe and desire to pay the claim of the plaintiff before the return date on the summons, notify the plaintiff or his/her attorney if you desire to do so. Request that he/she appear at the time specified and ask for the dismissal of the suit against you. Do not make such a request of the Circuit Court Clerk or the Sheriff, as only the Judge can dismiss a case, and then only with a proper court order which must be entered in open Court.

---

**CONDITIONS OF DISSOLUTION ACTION STAY**

**750 ILCS 5/501.1**

**Chapter 40, paragraph 501.1, Illinois Revised Statutes**

(a) Upon service of a summons and petition or praecipe filed under the Illinois Marriage and Dissolution of Marriage Act or upon the filing of the respondent's appearance in the proceeding, which ever first occurs, a dissolution action stay shall be in effect against both parties and their agents and employees, without bond or further notice, until a final judgment is entered, the proceeding is dismissed, or until further order of the court:

(1) restraining both parties from physically abusing, harassing, intimidating, striking, or interfering with the personal liberty of the other party or the minor children of either party; and

(2) restraining both parties from concealing a minor child of either party from the child's other parent. The restraint provided in this subsection (e) does not operate to make unavailable any of the remedies provided in the Illinois Domestic Violence Act of 1986.



Kane County Circuit Court    THOMAS M. HARTWELL    ACCEPTED: 10/31/2019 9:46 AM    By: CB    Env #7176687

# SANGAMON COUNTY SHERIFFS OFFICE
### "Keeping the Peace Since 1821"

Administration - (217) 753-6855
Records - (217) 753-6846

*JACK CAMPBELL*
#1 Sheriffs Plaza
Springfield, IL 62701

Investigations - (217) 753-6840
Corrections - (217) 753-6886

SG TRACKING #19- 7254

I, _____ certify that I served this summons as follows:

☐ Personal service on an individual, by leaving a copy of the summons and complaint with the defendant personally

☐ Abode service on an individual, by leaving a copy of the summons and complaint with a member of the household thirteen (13) years or older, informing said person of the contents thereof, and also by sending a copy of the summons, in a sealed envelope, postage paid, to the individual listed in the summons.

☐ Corporation service, by leaving a copy of the summons and complaint with an agent or officer of the corporation listed in the summons.

☐ Other service, as described below.

Case Number **19 L 505**

Name of defendant **HC AURORA**

Name of other person Summons left with **Ms. Poindexter**

Sex: ( M / **F** )    Race: **B**    Approx. Age: _____

Date of Service **10/25/2019**    Time **1055**

Date of Mailing _____

Address at which paper was served:
**118 W Edwards**
**Spfld IL**

Thomas M. Hartwell
Clerk of the Circuit Court
Kane County, Illinois
10/30/2019 5:52 PM
FILED/IMAGED

Service fees (Circle One) **$50.00** or $100.00

Circle One:  PAID    PAUPER    NO CHARGE

Jack Campbell, Sheriff of Sangamon County Sheriff's Office

By _____, Deputy # **4973**

## IN PARTNERSHIP WITH THE COMMUNITY